UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRA PEREZ, et al., | No. 2:19-cv-02228-DAD-JDP |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFFS MARTIN MENDOZA CARRILLO AND MIGUEL ANDRES |
| DELTA PACKING COMPANY OF LODI, et al., | |
| Defendants. | (Doc. No. 43) |

This matter is before the court on the motion to withdraw as counsel of record for two of the eleven remaining[1] named plaintiffs (Martin Mendoza Carrillo and Miguel Andres) filed by attorneys Stanley Mallison, Hector Rodriguez Martinez, and Gonzalo Quezada, Jr., on April 24, 2023. (Doc. No. 43.) The pending motion was taken under submission on the papers on April 25, 2023. (Doc. No. 45.) For the reasons explained below, the court will grant the pending motion to withdraw as counsel of record for plaintiffs Martin Mendoza Carrillo and Miguel Andres.

**BACKGROUND**

On November 4, 2019, twelve named plaintiffs filed this putative wage and hour class action against their employer defendant Delta Packing Company of Lodi ("Delta") and three

---

[1] On May 1, 2023, pursuant to a stipulation filed by the parties, the court dismissed plaintiff Augusto Pablo Chales from this action. (Doc. No. 47.)

1

individual farm labor contractors ("the FLC defendants") based on alleged violations of the California Labor Code and the federal Migrant and Seasonal Agricultural Worker Protection Act. (Doc. No. 1.) Throughout this litigation, the named plaintiffs have been represented by attorneys from the law firm Mallison & Martinez ("the M&M firm"), including attorneys Stanley Mallison, Hector Rodriguez Martinez, and Gonzalo Quezada, Jr., the only remaining attorneys of record for plaintiffs. (*See* Doc. Nos. 20–22, 34.)

All defendants were timely served with the summons and complaint. (Doc. Nos. 7, 8, 9, 13.) Defendant Delta filed an answer to the complaint on February 12, 2020. (Doc. No. 10.) The FLC defendants did not respond to the complaint. Plaintiffs' counsel stated in a joint status report filed with the court on March 20, 2020 that "[p]laintiffs anticipate seeking default judgment against the [FLC] defendants in this matter." (Doc. No. 14 at 3.) Despite this statement, plaintiffs did not thereafter file a request for the entry of default nor a motion for default judgment. Accordingly, the court will dismiss the FLC defendants due to plaintiffs' failure to prosecute this action as to those defendants.

On February 25, 2022, the parties filed a notice of settlement advising the court that "[t]he parties are currently in the process of reducing their settlement to a written agreement and, upon execution of that agreement, plaintiffs will request dismissal of this action." (Doc. No. 24.) That same day, the court issued an order vacating all dates in this matter and directing the parties to file dispositional documents within twenty-one (21) days. (Doc. No. 25.) Based on representations by plaintiffs' counsel that they required additional time to obtain signatures from the named plaintiffs, the parties requested and received several extensions of time in which to file dispositional documents with the court, the latest of which set a filing deadline of August 15, 2022. (Doc. Nos. 26–28, 30–33, 35–37.) That deadline passed, and the parties did not timely file dispositional documents, file a request a further extension of time, or otherwise communicate with the court.

On August 25, 2022, this case was reassigned to the undersigned. (Doc. No. 38.) On April 3, 2023, the court issued an order to plaintiffs requiring them to show cause why this case should not be dismissed due to plaintiffs' failure to prosecute. (Doc. No. 40.) In response,

plaintiffs' counsel (attorney Hector Martinez) filed a declaration in which he explained that,

> [g]iven the transient nature of the seasonal agricultural work Plaintiffs performed, [the M&M firm] has been entirely unable to make contact with two Plaintiffs, namely Martin Mendoza and Miguel Andres ("non-responsive Plaintiffs"). Between May 31 and June 2, 2022, [the M&M firm] sent letters to the non-responsive Plaintiffs at their last-known addresses, warning them that if they failed to contact our office by June 8, 2022, that we would withdraw as their counsel. [The M&M firm] also made several phone calls to these Plaintiffs which went unreturned. To date, since the commencement of settlement efforts, [the M&M firm] has been unable to make contact with any of the above-identified non-responsive Plaintiffs. As a result of noncommunication, [the M&M firm] will seek to be withdraw as counsel of record for Mr. Mendoza and Mr. Andres.

(Doc. No. 41 at ¶ 6.) Attorney Martinez explained further that of the twelve named plaintiffs, nine plaintiffs have approved the settlement agreement, two plaintiffs have been non-responsive, and the last plaintiff, Augusto Pablo Chales "informed M&M that he no longer wishes to continue as a named plaintiff in this action" and "M&M will seek to dismiss Mr. Chales." (*Id.* at ¶ 5–7.) After the court set a deadline for the plaintiffs to seek dismissal of plaintiff Chales, on April 28, 2023, the parties filed a stipulation for the dismissal of plaintiff Chales, and the court dismissed plaintiff Chales on May 1, 2023. (Doc. Nos. 46, 47.)

On April 24, 2023, plaintiffs' counsel filed the pending motion to withdraw as counsel of record for the non-responsive plaintiffs, Martin Mendoza Carrillo and Miguel Andres. (Doc. No. 43.) However, because plaintiffs' counsel failed to comply with Local Rule 182(d), the court issued a minute order on April 25, 2023 directing plaintiffs' counsel to file a supplemental declaration providing "the last known addresses of plaintiffs Martin Mendoza Carrillo and Miguel Andres" and describing "their efforts to notify those plaintiffs of the motion to withdraw." (Doc. No. 44.)

On May 2, 2023, plaintiff's counsel filed a supplemental declaration in support of their motion to withdraw as counsel for plaintiffs Martin Mendoza Carrillo and Miguel Andres. (Doc. No. 48.) Therein, attorney Martinez declared that the M&M firm sent letters to these plaintiffs on May 31, 2022 directed to their last known addresses of 1207 South Madison Street, Stockton,

3

1  California 95206 and 215 North Airport Way, Stockton, California 95205, respectively. (*Id.* at ¶
2  2.) In those letters, the M&M firm explained that they would request to withdraw as counsel of
3  record if these plaintiffs did not communicate with the M&M firm's office by June 8, 2022. (*Id.*)
4  Attorney Martinez further declared that the M&M firm placed several calls to these plaintiffs,
5  which went unreturned, and these plaintiffs did not respond to the letters sent by counsel on May
6  31, 2022. (*Id.*) In addition, attorney Martinez declared that on April 26, 2023, the M&M firm
7  served a copy of the pending motion on these plaintiffs at their last known mailing addresses, and
8  to date, the M&M firm has not received any form of communication from these two plaintiffs.
9  (*Id.* at ¶ 3.)

## LEGAL STANDARD

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 1:07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to consideration of these factors, withdrawal of counsel is governed by the Local Rules of this court where, as here, withdrawal of counsel would leave the client unrepresented. In this regard, Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

L.R. 182(d). Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct

4

of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id.* Rule 1.16 of the California Rules of Professional Conduct provides several grounds upon which an attorney may seek to withdraw, including when: (i) the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively"; and (ii) "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Cal. R. Prof. Conduct 1.16(b)(4)–(5). However, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

**DISCUSSION**

In the pending motion, the attorneys of the M&M firm request "to be relieved as counsel for plaintiffs Martin Mendoza and Miguel Andres as M&M is unable to contact them, and they have failed to respond to counsel's efforts to establish contact." (Doc. No. 43-1 at 2.) Plaintiffs' counsel argues that these two plaintiffs' "failure to respond to M&M's communications, or to otherwise make contact with counsel's office, make it not just unreasonably difficult but impossible to carry out any effective representation." (*Id.* at 3) (citing Cal. R. Prof. Conduct 1.16(b)(4)).

The court agrees that the failure of these two plaintiffs to communicate with their counsel renders effective representation impossible under the circumstances. In addition, withdrawal of counsel as to them will not cause prejudice to the other litigants in this case. To the contrary, because counsel have negotiated a settlement agreement that they believe will benefit the other plaintiffs in this case—an agreement that the responsive plaintiffs have agreed to and signed but which has not been fully executed because the two non-responsive plaintiffs have not responded to counsel's efforts to obtain their signatures on the settlement agreement—withdrawal may benefit the other litigants in this case. Finally, the court finds that withdrawal under these circumstances will not harm the administration of justice or delay the resolution of this case;

indeed, withdrawal will enable the parties to proceed with effectuating their settlement agreement. *See Heath v. Google LLC*, No. 15-cv-01824-BLF, 2018 WL 4237659, at *1–2 (N.D. Cal. Sept. 5, 2018) (granting a motion to withdraw and concluding that "withdrawal as counsel in this case will not cause any delay in the adjudication of this action" given that the non-responsive plaintiffs had failed to respond to their counsel's communications for several months).

For these reasons, the court will grant the pending motion to withdraw as counsel of record for plaintiffs Martin Mendoza Carrillo and Miguel Andres.

The court will direct both plaintiff Martin Mendoza Carrillo and plaintiff Miguel Andres to individually inform the court in writing within fourteen (14) days of the service of this order whether he intends to continue prosecuting this action and, if so, whether he intends to obtain substitute counsel or proceed *pro se*. Plaintiff Martin Mendoza Carrillo and plaintiff Miguel Andres are warned that their failure to respond to the court's order in this regard will result in their dismissal from this action due to their failure to prosecute and failure to comply with the court's order.

## CONCLUSION

For the reasons set forth above:

1. Plaintiffs' counsel's motion to withdraw (Doc. No. 43) is granted;
2. The Clerk of the Court is directed to terminate attorneys Stanley Mallison, Hector Rodriguez Martinez, and Gonzalo Quezada, Jr., as the counsel of record for plaintiffs Martin Mendoza Carrillo and Miguel Andres only;
3. Attorneys Stanley Mallison, Hector Rodriguez Martinez, and Gonzalo Quezada, Jr., shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees;
4. Plaintiff Martin Mendoza Carrillo is substituted in *pro se* and is directed to comply with the rules of this court;
5. Plaintiff Miguel Andres is substituted in *pro se* and is directed to comply with the rules of this court;

6. Plaintiffs Martin Mendoza Carrillo and Miguel Andres are each directed to inform the court within fourteen (14) days of service of this order whether he intends to continue prosecuting this action and, if so, whether he intends to obtain new counsel or represent himself.

7. Plaintiff Martin Mendoza Carrillo and plaintiff Miguel Andres are warned that their failure to respond to the court's order in this regard will result in their dismissal from this action due to their failure to prosecute and failure to comply with the court's order;

8. The Clerk of the Court is directed to enter the following contact information as plaintiff Martin Mendoza Carrillo's address of record;

> Martin Mendoza Carrillo
> 1207 South Madison Street
> Stockton, CA 95206

9. The Clerk of the Court is directed to enter the following contact information as plaintiff Miguel Andres's address of record;

> Miguel Andres
> 215 North Airport Way
> Stockton, CA 95205

10. The Clerk of the Court is directed to serve this order on plaintiffs Martin Mendoza Carrillo and Miguel Andres by mail;

11. Defendants Jonny Diaz Flores, Pablo Diaz Flores, and Luciano Diaz Bernabe are dismissed from this action due to plaintiffs' failure to prosecute their claims brought against these named defendants; and

12. The Clerk of the Court is directed to update the docket to reflect that defendants Jonny Diaz Flores, Pablo Diaz Flores, and Luciano Diaz Bernabe have been terminated as named defendants in this action.

IT IS SO ORDERED.

Dated: **May 16, 2023**

_____
UNITED STATES DISTRICT JUDGE

7